Ms. Rose M. Pearce, Fiscal Manager Division of Mental Health Services Arkansas Department of Human Services 4313 West Markham Little Rock, Arkansas 72205-4096
Dear Ms. Pearce:
This letter is a response to your request for approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of three proposed interlocal agreements between the Department of Human Services, Division of Mental Health Services, Research Training Institute (DMHS) and other parties. You have submitted copies of the proposed agreements. They are between:
(1) DMHS and the University of Arkansas for Medical Sciences (UAMS);
 (2) DMHS and the University of Arkansas for Medical Sciences Center for Outcomes Research and Effectiveness (CORE); and
 (3) DMHS and the University of Arkansas for Medical Sciences Department of Psychiatry and Behavioral Sciences (UAMS-DPBS).
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action must, if they do not establish a separate legal entity to conduct the joint or cooperative undertaking, specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property upon termination;
(5) Any other necessary and proper matters;
 (6) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (7) The manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(c).
Because the proposed agreements that you have submitted do not establish separate legal entities to conduct the joint or cooperative undertakings, they must specify all of the above-listed items.
I will address the proposed agreements separately.
The Agreement Between DMHS and UAMS
Under the terms of the proposed agreement between DMHS and UAMS, the parties agree generally that DMHS will provide funding of some stipends of UAMS residents in Psychiatry. They also agree to meet and further implement and refine the agreement. The agreement further sets forth the extent of the funding that DMHS agrees to provide.
This agreement appears to do nothing more than lay the groundwork for other agreements. To the extent that the actual substance of the agreement is set forth in the other agreements that have been submitted to the Attorney General for approval pursuant to A.C.A. § 20-10-101 etseq., the Attorney General's approval of this agreement is not necessary. However, if this agreement purports to encompass more than is set forth in the other agreements that have been submitted to the Attorney General for approval, the Attorney General's approval of this agreement is necessary. In light of that possibility, I will proceed to analyze this proposed agreement between DMHS and UAMS under the requirements of the Interlocal Cooperation Act.
It is my opinion that the proposed agreement between DMHS and UAMS, in and of itself, does not meet the requirements of the Interlocal Cooperation Act, and therefore cannot be approved in its current form.
Standing alone, it is deficient in the following respects:
 (1) It fails to make provision for a manner of establishing and maintaining a budget for the joint or cooperative undertaking;
 (2) It fails to make provision for the methods of accomplishing termination of the agreement or for the disposal of property upon termination;
 (3) It fails to make provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking; and
 (4) It fails to make provision for the manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
Therefore, pursuant to the provisions of A.C.A. § 25-20-104(f)(2), I must withhold approval of the proposed interlocal agreement between DMHS and UAMS in its current form.
The Agreement Between DMHS and CORE
Under the terms of the proposed agreement between DMHS and CORE, the parties agree generally that they will cooperate with the implementation of existing and new research projects; that they will each fund a portion of the costs of the projects; and that they will provide one another with needed consultation. The agreement further sets forth certain budget items.
It is my opinion that the proposed agreement between DMHS and CORE does not meet the requirements of the Interlocal Cooperation Act, and therefore cannot be approved in its current form.
It is deficient in the following respects:
 (1) It fails to make provision for a manner of establishing and maintaining a budget for the joint or cooperative undertaking;
 (2) It fails to make provision for the methods of accomplishing termination of the agreement or for the disposal of property upon termination;
 (3) It fails to make provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking; and
 (4) It fails to make provision for the manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
Therefore, pursuant to the provisions of A.C.A. § 25-20-104(f)(2), I must withhold approval of the proposed interlocal agreement between DMHS and CORE in its current form.
The Agreement Between DMHS and UAMS-DPBS
Under the terms of the proposed agreement between DMHS and UAMS-DPBS, the parties agree generally that DMHS will provide rotations, facilities, and training for residents and students in psychiatry; that DMHS will fund certain stipends for residents; that UAMS-DPBS will provide residents and consultation; and that the parties will otherwise cooperate in residency training programs. The agreement further sets forth a budget for the programs specified in the agreement.
It is my opinion that the proposed agreement between DMHS and UAMS-DPBS does not meet the requirements of the Interlocal Cooperation Act, and therefore cannot be approved in its current form.
It is deficient in the following respects:
 (1) It fails to make provision for a manner of establishing and maintaining a budget for the joint or cooperative undertaking;
 (2) It fails to make provision for the methods of accomplishing termination of the agreement or for the disposal of property upon termination;
 (3) It fails to make provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking; and
 (4) It fails to make provision for the manner of acquiring, holding, and disposing of real and personal property used in the joint or cooperative undertaking.
Therefore, pursuant to the provisions of A.C.A. § 25-20-104(f)(2), I must withhold approval of the proposed interlocal agreement between DMHS and UAMS-DPBS in its current form.
If you wish to submit amended agreements including the required information, I will be happy to approve them in a most expeditious manner.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh